## CHRISTOPHER C. ELLIS v. ROBERT McCORMICK.

It is not sufficient, to avoid a contract, that the party bound by it is illiterate, and that it was not read over to him, if it was explained to him in substance, and there was no omission, concealment, or misrepresentation of any of its obligations.

The non-performance by the landlord, within the time specified, of an independent agreement endorsed upon the lease to make certain improvements in the demised premises, does not discharge the whole contract, so as to relieve the tenant from liability for rent, and release the surety.

In such case *it seems* that the tenant may sue for damages, or make the improvements and deduct the expense from the accruing rent.

An agreement on the part of a creditor to accept, from the principal debtor, a sum less than the stipulated amount, without any other change in the agreement between them, will not discharge a surety for the debt.

APPEAL by defendant from a judgment of the Sixth District Court. This was an action against the defendant as surety upon a lease. The lease was made by the plaintiff to one Francis Crossin, for five years from the 1st of May, 1854. It was in evidence that the defendant could neither read nor write, and he signed the agreement as surety with his mark. On the lease was indorsed an agreement by the landlord, the plaintiff, to put blinds on all the front windows within thirty days. This agreement was dated the same day as the lease, and recited that it was made in consideration of the letting. These blinds were not put up until after the expiration of the thirty days. The rent, as fixed in the lease, was at the rate of forty-three dollars per month. But there was some evidence tending to show a subsequent agreement, reducing the rent to forty dollars a month. Judgment was rendered for the plaintiff for eighty-six dollars, the two months' rent sued for, viz., October and November, 1856.

*W. E. Robinson,* for the appellant.

*Stillwell and Swain,* for the respondent.

BRADY, J.—It is a settled rule of law, and followed in equity, that fraud will never be presumed, but must be clearly estab lished by proof. Story on Contracts, 505 (3d ed.), § 499. And although a party may sometimes be relieved from a mistake in regard to a material fact affecting or modifying the contract, the proof of mistake must be established with equal clearness. It is not sufficient, to avoid a contract, that the party bound is unlettered, and that the contract was not read to him. *Harris v. Story,* 2 E. D. Smith, 363. It is sufficient if it be explained in substance, and there was no suppression or concealment, or misrepresentation of any of its obligations. The testimony, in this case, fails to show any fraud or mistake. The witness, Campbell, stated that he did not know whether the lease was read to the defendant when he signed it with his mark, and that what was said at the time went to show that plaintiff and de- fendant "would be so well acquainted in one year that *probably* the security would not be looked to after that time." This shows that it was understood, at the time the defendant assumed his responsibility, that it extended over the term of the lease, and that he assumed the contingency of his not being "looked to" after the first year. The statement of the witness, in continua- tion—"and therefore it was not necessary to alter the writing, as the parties were good enough without implicating the defend- ant"—does not alter or affect this view. The alteration not having been made at the time, is an answer to any presumption that such statement might create.

The agreement indorsed on the lease, to put blinds on all the front windows above the store in thirty days from its date, is an independent agreement, although it purports to have been made and executed on the same day with the lease. This appears from the statement that, "*In consideration of the foregoing letting,*" referring to the lease, the lessor agreed to put the blinds on; but

whether it was or not, the non-performance of it within the time specified would not discharge the surety. The tenant could not urge such failure in discharge of the whole contract, and what would not avail him as a defence in that respect could not enure to the benefit of his surety. At best, he could either put on the blinds, and deduct the expense from the accruing rent, or sue for damages, arises from the landlord's breach. But, independently of this view of that branch of this case, the rent sued for accrued long after the shutters were, in fact, put up by the landlord, and after payment of rent by the lessee, which would operate as an estoppel upon the defendant in any event.

It is said that the lessor, as an accord and satisfaction of the tenant's claim for damages sustained in consequence of the land-lord's omission to put on the blinds, agreed to take $40, instead of $43, a month for the premises—the latter being the amount secured by the lease—and that such agreement discharged the surety. The testimony on the subject, in the court below, was conflicting, and the justice has found against such allegation. When this cause was submitted, something was said in relation to the manner in which the justice disposed of the case on the apparent conflict, and to the effect that he did not consider it as to the alleged subsequent agreement. The testimony does not seem to be conflicting upon any other material fact, and we must consider the finding of the justice, on all the issues involved, as having been made in the usual manner, and in accordance with the usual rules to be observed in the administration of justice.

It may be proper to observe here, that if the case presented the question whether the agreement, to receive $40 in lieu of $43 per month, discharged the surety, it would not have any such legal operation. The surety has a right to insist on the very terms of his agreement, and that no alteration of the agreement between the principal and debtor shall be made, even if it be for the benefit of the surety (*Coleman* v. *Lamb*, 15 Wend. 332, and cases cited; *Dobbin* v. *Bradley*, 17 ibid. 422; *Buckhead* v. *Brown*, 5 Hill, 640; *Bangs* v. *Alcott*, 7 ibid. 250; *Coleman* v. *Wade*, 2

Selden 44); but none of these cases present the fact involved here, nor are they analogous. The terms of the agreement, as to the time of payment and the duration of the tenancy, are not affected by the agreement subsequently made. It is a consent to accept a sum less than would accrue under the agreement, without extending the time of payment in any manner. No case has carried the doctrine mentioned so far as to relieve or discharge the surety where the principal agrees to accept less than the stipulated amount, without any other change in the agreement.

Judgment affirmed.