GEORGE S. WHITNEY v. ADAM SNYDER, impleaded, &c.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

In an action upon a negotiable promissory note, brought by a purchaser thereof before maturity, in good faith and for a valuable consideration, against the maker, the latter may prove as a defence, that when he signed it, it was represented to him, and he believed it, to be a contract entirely different in character.

The case distinguished from that of a note fraudulently obtained, and which the maker intended to make.

THIS was a motion for a new trial on a case and exceptions heard by order of the court at General Term, in the first instance.

The action was upon a promissory note payable to bearer, and signed by the defendants who were jointly and severally chargeable as makers by the terms of the note. The facts are stated in the opinion of the court.

*George H. Danforth*, for the plaintiff.

*Scott Lord*, for the defendant.

Present—MULLIN, P. J., TALCOTT, and E. D. SMITH, JJ.

By the Court—TALCOTT, J. This was an action against the defendant as maker of a promissory note. The plaintiff had testified that he purchased the note for value and before maturity. The defendant offered to prove in defence, that he was unable to read, and that when he signed the note it was represented to him, and he believed, that it was a certain other contract, offered to be also produced in evidence, and which purported to be a contract *inter partes* of an entirely different character. The offer was overruled and the defendant excepted, and now moves for a new trial. We think the

learned judge at *nisi prius* erred in rejecting the evidence offered. The consent of the party alleged to have made it is essential to the binding force of a contract. This principle has been often applied to the case of deeds and other instruments misread, or the contents of which have been misrepresented to the party against whom the instrument is sought to be enforced. A *bona fide* holder of commercial paper for value and before maturity, is protected in many cases against defences which are perfectly available as between the original parties, such as that the signature was obtained by false and fraudulent representations. That the paper has been diverted. That a blank bill or acceptance has been filled up for a greater amount than the party to whom it was delivered was authorized to insert, &c. But in all these cases the party intended to sign and put in circulation the instrument as a negotiable security ; where this is the case he is bound to know that he is furnishing the means whereby third parties may be deceived, and innocently led to part with their property on the faith of his signature, and in ignorance of the true state of facts. But, while this is a rule of great convenience and propriety, there are, and must be some limits to its application, some defences as to which even a *bona fide* purchaser, purchases at his peril.

The familiar case of a note declared void by statute, as in the case of usury, furnishes an illustration. During the period when, according to the statute law of this State, a *bona fide* holder for value, and before maturity, was protected against even the defence of usury, the statute against usury was practically almost abrogated as to negotiable paper.

The precise question presented here, as applied to commercial paper in the hands of a *bona fide* holder, &c., has, so far as we have been able to discover, been presented in but one case, and that a very recent one, viz. : The case of *Foster* v. *McKinnon*, decided in the English Common Pleas, in July, 1869, and reported in 38 Law Journal Reports, new series, page 310, which case was very fully argued, and carefully considered by the court, upon examination of all authori

Whitney *v.* Snyder.

ties which could be found bearing on the question. In that case, the defendant was sued as indorser of a bill by a *bona fide* holder, and it was in its circumstances, quite similar to the case at bar, except that the present is a somewhat stronger case for the defendant on the question of negligence. In that case the defendant proved, that though the instrument he indorsed was in fact a bill when he indorsed it, and was upon a paper having the ordinary shape and size of a bill, and had a bill stamp impressed upon the face, which impression was visible on the back, yet he, the defendant, did not look at the face of the bill, and when he wrote his name upon the back, it was represented to him, and he believed it, to be a guarantee.

Under these circumstances, the lord chief justice, who tried the cause, left it to the jury to say, whether the signature was obtained on a fraudulent representation, that the paper to which it was put was a guarantee, and instructed the jury that if it was so obtained, and the defendant signed it, not knowing it was a bill, and under the belief that it was a guarantee, and if he was not guilty of any negligence in writing his name on the bill, without ascertaining what he was signing, he would be entitled to their verdict. This instruction was sustained by the whole court, in an elaborate opinion delivered by BYLES, J. We are satisfied with the reasoning of the court in that case, and we think any other rule would be fraught with great danger to the security of property. If, as to a party who can give evidence, that he purchased the bill for value, and before maturity, and as to whom the defendant is unable to bring home notice, the question of liability is reduced to a mere question of the genuineness of the signature, we do not see how a party would be able to escape liability, as suggested by the court in the case referred to, where he had written his name in a lady's album, or for the purpose of franking a letter, or for any one of the thousand purposes for which a man is often called upon to furnish a signature, without the intention of making a negotiable instrument. The true distinction was tersely stated by

BOVILL, Ch. J., in *Foster* v. *McKinnon*, interrupting counsel, *arguendo*, who was stating the proposition, that where the plaintiff proves he is a *bona fide* holder for value, it is immaterial that the signature of the defendant was obtained by fraud. "That," said the chief justice, "is where the defendant intended to put his name to an instrument which was a bill." The exception to the refusal to admit the evidence offered was well taken.

A new trial must be granted, costs to abide the event.

MULLIN, P. J., read an opinion to same effect.

Ordered accordingly.