## . SUPREME COURT.

### GEORGE W. HEAD agt. SAMUEL F. SMITH.

Where a disputed question of fact has been fully submitted to the jury, their ver- dict thereon cannot be disturbed upon any opinion which may be entertained by the court on a review, as to which way the conflict should have been decided.

Where the plaintiff reads a portion of the defendant's answer to the jury as evi- dence to contradict the witnesses of the defendant, and the jury, notwithstanding, find the facts in accordance with the defendant's witnesses, the objection of the plaintiff that the defendant by his answer is estopped from setting up these facts, cannot prevail to disturb the verdict of the jury.

Where the supreme court at general term make a full and final decision in a cause, it is the duty of the circuit judges in that department, to follow the reasoning and conclusions therein, notwithstanding that the courts of a sister state may de- clare such general term decision erroneous and decide adversely to it.

*Held,* that the defense in this case, that the promissory note upon which the action was brought was procured by fraud, and that the plaintiff was not a *bona fide* holder for value without notice, could not be sustained.

*Oneida Circuit, June,* 1872.

MOTION for a new trial made by plaintiff, the verdict hav- ing been for the defendant.

S. J. BARRONS, *for plaintiff.*

F. F. WENDELL and J. T. SPRIGGS, *for defendant.*

HARDIN, *J.*—This action was brought to recover upon an alleged note of the defendant, which the plaintiff claimed to hold *bona fide,* and was heard by the court and jury and a verdict rendered for the defendant.

The plaintiff moves for a new trial on the minutes of the court, and suggests several grounds upon which he insists he is entitled to prevail.

The questions of fact in this action were submitted by the court fully, and no complaint is made in respect thereof.

The court approvingly quoted (*Whitney.* agt. *Snyder*, 2 *Lans.*, 477), and quite elaborately called attention to the opinion delivered by Mr. Justice TALCOTT, and after thus stating, the law submitted the questions of fact arising in the case to the jury. But the counsel for the plaintiff seeks to distinguish this case from *Whitney* agt. *Snyder*, but in order to do so, certain questions which were proper for the jury, must be determined against the verdict.

There was some evidence to establish, that when the defendant signed the note in suit he was not able to read very readily, that it was represented to him and that he believed that it was a certain other contract of an entirely different character.

The plaintiff gave evidence to the contrary, and the disputed question of fact was fully submitted to the jury, and their verdict cannot be disturbed upon any opinion which may be entertained by the court, as to which way the conflict should have been decided.

But the learned counsel for the plaintiff insists that the defendant by his answer is estopped from making the defense held to be good in *Whitney* agt. *Snyder*.

The answer may be conceded to be somewhat inconsistent with some of the evidence of the defendant, but as the plaintiff read a portion of the answer to the jury as evidence to contradict the witnesses of defendant, and they, notwithstanding, have found the facts in accordance with the defendant's evidence. The court upon the questions of fact cannot disturb the verdict. Besides the answer at folios 4–5 distinctly presents the defense which was sought to be established on the trial by the evidence of the defendant. It is there alleged " that at the time of the signing of said paper by the defendant and before the same had been signed, the said Peter Keck, through his agent, one Hunt (alias Hinkley), represented to the defendant that the paper here set out and which was part and parcel of a larger piece of paper, was an agreement or contract which would bind the defen-

dant to pay or cause to be paid, once in each year, to said
Peter Keck or his agent, twenty per cent of the net profits
arising from the sale of a certain patent called, &c. ;" and it
was held at the circuit that the defense might be given in
evidence under the allegations so found in the answer. It is
not perceived that any error was committed in that respect.

The question involved in *Whitney* agt. *Snyder*, has re-
cently been considered by the supreme court of Iowa, in
*Douglas* agt. *Mattiny* (29 *Iowa*, 498, and reported 4 *Ameri-
can R.*, 238), and the opinion of BECK, *J.*, would be ample
authority to justify a new trial in this case, were there no
other authority, but as long as *Whitney* agt. *Snyder* remains
unversed, it is the duty of circuit judges in the same depart-
ment in which it was pronounced, to follow the reasoning
and conclusions to be found therein—as was done at the cir-
cuit in this case.

In *Hamilton* agt. *Vaught*, the supreme court of New Jer-
sey discussed the suspicious circumstances and carelessness
of the plaintiff in taking a note fraudulent in its inception
and came to the conclusion that mere carelessness will not
of itself impair the title of a *bona fide* holder (4 *Alb. Law
Jour.*, No. 22, 353).

And the question in respect to the vigilance of a party
taking commercial paper before due, was considered by the
court of appeals of this State in two recent cases (34 *N. Y.*,
247, *and* 35 *N. Y.*, 65), and it is now settled that he does not
owe to the party who puts such paper in circulation the
duty of active inquiry to avert the imputation of bad faith.
The charge in this case contains no principle at war with the
doctrine of these two cases in our court of appeals.

The jury were instructed that the plaintiff was not bound
to exercise extraordinary diligence when he took the note,
and at the same time it was intimated that the case as dis-
closed by the evidence did not present any question for the
jury in that respect.

The plaintiff also insists that the defendant by executing

contemporaneously with the note, the certificate put in evidence, deprived himself of all right to make the defense sought to be established, and that he was estopped from saying that he was executing an entirely different instrument from the one produced.

He cites numerous cases upon the general doctrine of estoppel, but does not point out any evidence showing the plaintiff acted upon the certificate, or that he knew that such an one existed at the time he purchased the note in suit. If there was no evidence in the case except the note and the certificate, then the argument of the plaintiff's learned counsel would be received, but it must be borne in mind that the defendant alleged enough to establish that the note and the certificate were obtained by fraud, and were executed in the faith that the obligation was of an entirely different character, and the judge charged the jury that if they found that the certificate "was procured by fraud then the certificate ceased to have that force and significance that upon its face standing alone as a written instrument it would be entitled to ;" that if the certificate was delivered without fraud or deception then it was to have the effect claimed for it by the plaintiff's counsel.

Surely, this certificate like all other instruments was liable to be attacked and shaken down by fraud, in the absence of any proof that the plaintiff had accepted usury upon it.

In *Lynch* agt. *Kennedy*, 34 *N. Y.*, 152, PORTER, *J.* says, " it was affirmatively proved that the plaintiff was a *bona fide* holder, and that he purchased it on the faith of the defendant's written statement that it was business paper and that it would be paid at maturity " (3 *Keyes*, 609 ; *see also* 3 *Hill*, 216).

The case has been considered upon the supposition that the plaintiff was a *bona fide* holder for value without any notice of any defense existing prior to his purchase and payment for the note, but towards the close of the testimony there was a little evidence given tending to show that the

plaintiff received a letter from the witness Snell, before he consummated the purchase of the note in suit, but as no question was submitted to the jury in respect to the *bona fides* of the plaintiff's ownership, it is not proper that the right of the defendant to defend should be considered otherwise than upon the supposition that the plaintiff was a holder for value *bona fide* (43 *N. Y.*, 298).

The motion for a new trial is denied with $10 costs.