Haviland v. Johnson.

---

CARRIE HAVILAND, Respondent, *against* JOHNSON *et al.* Appellant.

(Decided June 18th, 1877.)

The plaintiff received a sewing machine from the defendants under a written contract, by the terms of which she certified that she " hired it to use," and agreed to pay them a specified sum in advance, as security for its safe keeping, and to make monthly payments of an amount fixed, for twelve months thereafter, for the use of the machine, and upon default in any of the payments, to forfeit the machine and the security money. The contract also stipulated that she could at any time purchase the machine upon the payment of a sum, which, added to the security money, and the monthly instalments, should amount to a certain price. The security money was paid, as well as six monthly instalments, when a default was made, and the machine taken by the defendants, whereupon she sued to recover ·back the amount of her several payments. *Held*, that she could not recover the amount of the instalments, nor (DALY, C. J., dissenting) the amount of the original deposit.

APPEAL by defendant from a judgment of the Sixth District Court.

The facts are fully stated in the prevailing opinion.

*Thatcher G. Waterman*, for the appellant.

*Hugh Coleman*, for the respondent.

ROBINSON, J.—This action was probably intended to be instituted against the members of the firm of Johnson, Clark & Co., carrying on the business of selling sewing machines in this city. The Christian names of neither of the defendants, Johnson or Clark, is disclosed in any of the pleadings, while John Doe is evidently a myth, and it is not asserted his name is used instead of that of any unknown person. (Code, sec. 175.) An amendment might have been made during the progress of the action, but none appears to have been even suggested, and some embarrassment would arise in enforcing the judgment against Mr. Johnson, a nominal partner in the firm, or Mr. Andrew J. Clark, a resident of Orange, in the State of Massachusetts, two of the partners constituting the firm.

But aside from this, I am of the opinion that such errors appear in the return of the justice as call for a reversal of the judgment.

Plaintiff sued for "$45 money on sewing machine," to which claim the defendants, assuming them to have been named, pleaded a general denial. She intended undoubtedly to claim a recovery of that amount, paid by her towards the purchase of such a machine, and which they detained from her. There can scarcely be any question but that she acquired possession of the sewing machine upon the terms embodied in an instrument in writing, which was thereupon signed by her in the name of "Mrs. Carrie May," and witnessed by John McQuade, in these words:—

"NEW YORK, Oct. 18th, 1875.

"This certifies that I, Mrs. Carrie May, have this eighteenth day of October, 1875, hired to use of Johnson, Clark

& Co., one home sewing machine, numbered 73,623, on the following terms and conditions, to wit :—I agree to pay into the hands of Johnson, Clark & Co., fourteen dollars, as security money for the good care and safe keeping of said sewing machine while in my possession. I agree to pay at the office of the said Johnson, Clark & Co., without any demand whatever being made therefor, for the use of said machine, five dollars every month ensuing, to date on the eighteenth day of each successive month, for twelve months. I also agree not to remove said machine from the premises, No. —— —— street, nor sublet the same without the written consent of the said Johnson, Clark & Co.

" It is distinctly understood and agreed by me, that should I fail to make any one of the said payments at the time specified, or remove, or allow said machine to be removed, without the written consent of the said Johnson, Clark & Co., I hereby forfeit the said machine and the said security money paid by me, and the said Johnson, Clark & Co. may repossess themselves of said machine without notice, and I hereby authorize, empower and direct the said Johnson, Clark & Co., or their agents, to enter the premises wherever said machine may be, and take, and carry the same away, and in consideration of the foregoing easy terms, I do hereby waive my right in all existing laws to the contrary, and agree not to commence or undertake to commence, or sustain or aid in sustaining any legal action against the said Johnson, Clark & Co., or their agents, for any damage done to my person, or the persons of my family, or to my property, either leased or owned by me, in the recovery of said machine.

" I also certify that Mr. John McQuade, the identical person whose name is attached hereunto as a witness to this instrument, did read the same in an audible voice, within my hearing, and that I do fully understand the contents thereof, and agree to the same without any persuasion by any person or persons.

" Should I at any time desire to purchase said machine, said Johnson, Clark & Co. agree to sell the same to me upon my paying them an amount at any one time, which shall

include said security money and all moneys paid as compensation for the use of said machine, amounting in the aggregate to the sum of seventy-five dollars. Johnson, Clark & Co. do not agree to any terms or promises not fully stated in this lease.

" (Signed),      MRS. CARRIE MAY."

" Witness: John McQuade."

She subsequently went to the office of Johnson, Clark & Co., and a similar instrument was prepared *at her request,* which she executed in her married name of " Carrie Haviland," and which was witnessed by Miss Sarah Stewart. She was furnished with a card, on which payments made by her were noted from time to time, which read as follows:—

" Office of the Light Running Howe Sewing Machine.

" Never gets out of order.

" Johnson, Clark & Co., 826 Broadway, New York; No. of machine, 73,623. $75. Received from Mrs. Carrie Haviland, 388 4th avenue, the following amounts on account of lease, *the conditions of which are monthly payments of five dollars or forfeiture of the machine.*" Stating the following payments: October 18th, $15; December 6, $5; January 6, $5; February 12, $5; March 12, $5; April 17, $5; and May 17, $5; altogether amounting to $45, the sum claimed. The machine, as plaintiff testifies, " did nicely for the first two or three months," when, as she states, " it looped, so that the thread would lay on top of the cloth." Whatever imperfect action in the machine the testimony of the plaintiff may have disclosed, it cannot be pretended that the machine was without any efficiency, or incapable of being repaired, or was utterly worthless, although for some temporary cause, evidently from use of bad oil, it would not work as " nicely " as it had done for the first two or three months. It was taken away by Johnson, Clark & Co. on the 19th of June " for repair," when $35 remained due on the purchase money, and was afterwards offered to plaintiff if she would pay what was due, but is still retained by them. It is claimed on her behalf, that she did not read, and was ignorant of the contents of either

of the instruments she signed ; that she simply understood she was purchasing the machine on these terms of warranty : " Warranted perfect, and if a part fails from any imperfection in five years, we (Johnson, Clark & Co.) will supply the part free of cost. This warranty does not include needles, shuttle, or bobbins." She attempts to repudiate these several agreements, signed by her, because (as alleged) she did not in either instance read them, and they varied from a simple contract for the sale and purchase of the machine. She nevertheless concedes that it was agreed that if she made default in the payment of $5 per month, Johnson, Clark & Co. were to take the machine away. So that upon her own showing, and without consideration of the obligation of the contracts, which she actually signed, the sale even upon her own understanding was conditional, on the payment of $5 per month towards the purchase money ; that for default in any such payment Johnson, Clark & Co. might reclaim the machine ; that such default actually occurred on the 18th of June, and they rightfully might retain the machine by reason of such default. There is no ground for the suggestion of plaintiff's counsel that the reiterated agreement was obtained through any fraud, because containing provisions inconsistent with a sale of the machine for $75, payable in monthly installments of $5, and on condition that Johnson, Clark & Co. might retake the machine in case of any default, as she conceded such to have been the terms as understood by her. The instruments were, on each occasion, presented to her for her signature, and she signed them, and her failure to read them as she might and ought to have done, without any subterfuge being resorted to, inducing her incautiously to omit to do what she was fully capable of doing, was without excuse, as the instruments were plainly printed and plainly intelligible. (*Mallon* v. *Story*, 2 E. D. Smith, 331 ; *Harris* v. *Story*, 2 id. 367 ; *Ellis* v. *McCormick*, 1 Hilt. 313.) This action was not to recover money paid through any false representation, nor for damages sustained through any breach of warranty as to the character of the machine, but upon some idea that although after two or three months trial of the

machine it worked "nicely," yet for subsequent imperfections becoming manifest during the five or six subsequent months that she used it, she had the right to wholly reject it, and recover what she had paid upon account of it. No such principle exists in the law. Her right to rescission of the contract by which the article sold was warranted, and which for two or three months worked "nicely," and which was retained and used for eight months, was merged in the warranty. (*Kiernan* v. *Rocheleau*, 6 Bos. 148; *Reed* v. *Randall*, 29 N. Y. 373.)

For breach of warranty she could only recover as damages what the article was inferior in value to what it would have been as warranted, and no proof was offered establishing any such rate of damages.

There was nothing shown which indicated that the defects of the machine, when taken for repair, rendered it wholly worthless, or were such that it could not again, at some trivial or certain expense, be made to work "nicely," as it had done previously. The measure of damages adopted by the justice in allowing the plaintiff the whole amount of $45 she had paid upon the machine, was wholly untenable. Either, 1st. As any such as arose from any breach of the warranty; or, 2d. From any obligation of Johnson, Clark & Co. to repay plaintiff the moneys she had paid towards the purchase of the sewing machine, and from her being subject to the provisions of the agreement, under which she acquired possession of the machine, and which wholly abnegates her present right to claim a recovery for the moneys which she had paid thereon, either towards the purchase money, or as for rent for its use. The judgment should be reversed.

LARREMORE, J., concurred.

CHARLES P. DALY, Ch. J., dissented.

Judgment reversed.