(18 Misc. Rep. 42)

### WILLIAMS v. WILSON.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

1. RELEASE—EVIDENCE.

     After plaintiff, who had made a claim against defendant for an alleged wrongful discharge, had offered to compromise for three weeks' salary, he met defendant, received two weeks' salary, and executed a general release. He did not claim that defendant made any misrepresentation or used any artifice, but merely testified that he was hard up; wanted something to eat; that he mislaid his eyeglasses; that the paper was not read to him, and that he did not know what he was signing, but supposed it was a receipt. *Held* not sufficient to sustain a finding that the release was obtained by fraud. 40 N. Y. Supp. 350, reversed.

**2. SAME—VALIDITY—ATTORNEY'S FEES.**
    The *fact* that plaintiff's attorney had a lien on the cause of action does not affect the validity, as between the parties, of a settlement by them.

Appeal from city court of New York, general term.

Action by Hermann Williams against Francis Wilson. A judgment in favor of plaintiff was affirmed by the city court (40 N. Y. Supp. 350), and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hyde & Leonard, for appellant.

Fromme Bros., for respondent.

McADAM, J. The action is by the plaintiff, a chorus singer, against the defendant, a theatrical manager, on a contract of employment, and is founded on an alleged wrongful discharge. The plaintiff claimed that he was engaged for a season of 35 weeks commencing September 10, 1894, while the defendant contended that the engagement was for an indefinite period, terminable on two weeks' notice. The defendant, on October 1, 1894, served on the plaintiff a written notice stating that the former had availed himself of the usual two weeks' clause applicable to such engagements, and that the plaintiff's services would not be required after October 14, 1894. The plaintiff was paid up to the last-named day. There was no evidence proving such a custom as that stated in the notice of discharge, except a written admission, signed by the plaintiff November 2, 1894, acknowledging the existence of the custom, and that it applied to his engagement with the defendant. Among other defenses, the defendant pleaded a general release, and upon the trial produced a writing executed by the plaintiff under seal November 2, 1894, and duly acknowledged by him, whereby he released and forever discharged the defendant from all manner of actions or causes of action, especially the one which forms the subject of this suit. The consideration was $36,—two weeks' wages,—and this sum the plaintiff admitted he received, retained, and never offered to return. The action was begun October 29, 1894, and two days afterwards the plaintiff wrote to the defendant that if the latter would pay him three weeks' salary he would be satisfied; if not, the defendant would have "to try the consequences of the law." On November 2, 1894, four days after the action was instituted, the parties met, the admission as to custom and the general release were executed by the plaintiff, the $36 consideration (two weeks' wages) paid, and the cause of action apparently extinguished as between the parties. Upon the trial the plaintiff undertook to avoid the effect of the admission and release by claiming—First, that they were obtained by fraud; second, that the plaintiff had agreed to give his attorneys one-half of the claim for their services; that they thereby acquired a lien on the cause of action to that extent; and the settlement was inoperative as to them. The two questions will be considered separately.

First, as to the alleged fraud. The plaintiff admitted that the defendant had made no misrepresentations, and that no artifice was

used to obtain his signature to the papers, and the only attempt to explain away their effect was by his testimony that he was hard up, wanted something to eat, had mislaid his eyeglasses, that the papers were not read to him, and he did not know what he was signing, and supposed they were receipts for $36. This evidence entirely failed to establish fraud sufficient to avoid the release. The plaintiff is an intelligent man, able to read and write the English language, and if he did not read the papers understandingly it was because of his own neglect, with which the defendant is not chargeable. In cases free from misrepresentation and fraud, where no confidential relation exists, and the parties deal upon an equal footing, with corresponding means of knowledge, and they are capable of reading and understanding the instrument they sign, they are bound to inform themselves of the contents thereof, and if they neglect to do so the law will afford them no relief. Root v. Zeller (City Ct. N. Y.) 2 N. Y. Supp. 742; Harris v. Story, 2 E. D. Smith, 363; Ellis v. McCormick, 1 Hilt. 313. A person in the full possession of his faculties, and able to read, is bound to know and understand the contents of an instrument executed by him, and is held to it, unless he was by trick or artifice induced to sign a different instrument from that to which he intended to affix his signature, as where one paper is surreptitiously substituted for another. Bigelow, Frauds, 73, 75. The party executing the paper is generally bound to exercise the ordinary diligence he possesses to avoid imposition. Chapman v. Rose, 56 N. Y. 137; 8 Am. & Eng. Enc. Law, 643; Bish. Cont. § 169; Long v. Warren, 68 N. Y. 426. The authorities agree that written instruments, signed by parties who have full opportunity to know their contents, cannot be disregarded, unless the evidence is clear that in obtaining their execution fraud has in fact been committed. Dorwin v. Westbrook, 86 Hun, at page 368, 33 N. Y. Supp. 449; Walbourn v. Hingston, 86 Hun, 63, 33 N. Y. Supp. 117; Kircher v. Machine Co., 135 N. Y. 182, 31 N. E. 1104; Albrecht v. Railroad Co., 87 Wis. 105, 58 N. W. 72. If the defendant had paid three weeks' salary, all would have been perfectly satisfactory to the plaintiff, according to the letter which he himself voluntarily wrote to the defendant; but because he received salary for one week less, as the result of the compromise, he made the grave charge of fraud, and sought to establish it in the vague and unsatisfactory manner stated. The charge was unproved, and the release, as a consequence, binding upon the plaintiff.

Next, as to the effect of the attorneys' lien. The fact that they had a lien on the cause of action does not aid the plaintiff. If they required any protection in that regard they should have applied to the court for leave to prosecute the action in aid of their lien, and at their own risk and expense. Oliwill v. Verdenhalven (City Ct. N. Y.) 7 N. Y. Supp. 99; Washburn v. Mott (Cir. Ct.) 12 N. Y. Supp. 111; Dimick v. Cooley, 3 Civ. Proc. R. 141; Goddard v. Trenbath, 24 Hun, 182; Quinlan v. Birge, 43 Hun, 483; Smith v. Baum, 67 How. Prac. 267; Tullis v. Bushnell, 65 How. Prac. 465; Murray v. Jibson, 22 Hun, 386; Stahl v. Wadsworth, 13 Civ. Proc. R. 32; Coster v. Ferry Co., 5 Civ. Proc. R. 146; Russell v. Somerville, 10 Abb. N. C.

395, note; Kehoe v. Miller, Id. 393; McBratney v. Railroad Co., 87 N. Y. 467; Publishers' Printing Co. v. Gillin Printing Co., 16 Misc. Rep. 558, 38 N. Y. Supp. 784. If this had been done, the lien might have been discharged by payment or tender, or an issue created as to the extent of it, and this with the original right of action might have gone to the jury to the end that the amount of the lien might be fixed, and the lien itself finally satisfied. The order permitting the prosecution would have qualified the recovery by explaining its purpose, and the defendant could have discharged the judgment by paying the amount of the lien as established, with the costs following its establishment. As the record stands now, there is a general verdict in favor of the plaintiff for the whole amount of his claim and interest, and the only manner in which its satisfaction can be obtained is by full payment of the judgment entered thereon. Further, since the proof fails to present fraud sufficient to vitiate the written admission as to custom, the plaintiff having received the required two weeks' notice, and been paid in full up to the time it was to take effect, was without any cause of action to which the attorneys' lien could attach, and the only verdict permissible was one for the defendant. There is, therefore, no theory upon which the recovery can be sustained.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.