Missouri, Kansas & Texas Railway Company of Texas v. James W. Craig.

Decided December 22, 1906.

**1.—Personal Injuries—Release of Claim—Avoidance.**

In a suit for personal injuries the defendant plead a release in writing of all claim for damages; the plaintiff testified in substance that he did not remember signing the release—that it was not read over to him, nor did he read it. The court charged the jury that if the agent of the defendant, who procured the execution of the release, as an inducement to plaintiff to sign the same, fraudulently concealed from plaintiff the contents of the same, without disclosing the contents of said instrument, and plaintiff was ignorant of the contents, etc., that the plaintiff could recover. Held, the charge was not warranted by the evidence. The mere concealment of the contents of the instrument could not have induced the plaintiff to sign the same, there being no evidence that said agent fraudulently concealed the contents, or in any manner prevented plaintiff from learning the contents.

**2.—Written Release—Ignorance of Contents.**

The mere ignorance of a party as to the contents of a written instrument will not avoid it. There must be fraud, accident or mistake in its execution, and the party seeking to avoid it must appear to be free from negligence.

**3.—Reasonable Value of Services—Incompetent Testimony.**

It was error to permit a witness, who had never practiced medicine or surgery, and whose only qualification as an expert was that he had paid some doctor's bills and two surgical bills, to testify as to the reasonable value of

medical services. A witness on this subject need not be a physician, but he must be in some way sufficiently informed.

#### 4.—Mental Capacity—Issue—Special Charge.

Where the only issue raised by the evidence was as to the mental capacity of the plaintiff to execute the release in question, it was error to refuse a special charge submitting such issue.

Appeal from the District Court of Grayson County. Tried below before Hon. J. M. Pearson.

*T. S. Miller* and *Smith & Wall*, for appellant.—The charge is erroneous in that it, in effect, instructs the jury that the release could be avoided if appellant's agents fraudulently concealed from appellee the contents of the same and appellee signed the same without knowing the contents thereof, regardless of whether, under all the circumstances, appellee was guilty of negligence or inattention in signing the instrument without reading or having the same read to him. Williams v. Rand, 9 Texas Civ. App., 635; Robertson v. Smith, 11 Texas, 217; Railway v. Burke, 1 White & W. Civ., 946; Coughran v. Alderete, 26 S. W. Rep., 111; Mitchell v. Zimmerman, 4 Texas, 81.

Fraud being submitted as an issue in this case, some charge, showing what would constitute such fraud as would avoid the release, should have been given by the court. Flack v. Neill, 22 Texas, 256; Read v. Chambers, 45 S. W. Rep., 742.

*L. Frank Ottoby* and *Stewart & Templeton,* for appellee.—The witness Craig was qualified to testify as to the value of the physician's and surgeon's services to his father, and the court did not err in admitting his testimony upon this issue. Houston, E. & W. T. Ry. Co. v. Charwaine, 71 S. W. Rep., 403; Gonzales College v. McHugh, 21 Texas, 257; Nations v. Love, 26 S. W. Rep., 232; Carroll v. Welch, 26 Texas, 149; 17 Cyc., pp. 121, 122; International & G. N. Ry. Co. v. Klaus, 64 Texas, 293; Gulf, C. & S. F. Ry. Co. v. Dunman, 85 Texas, 181; 2 Jones Evidence, secs. 365, 370.

Fraud, like any other fact, may be proven by circumstantial evidence. Chicago, R. I. & P. v. Cain, 84 S. W. Rep., 685; International & G. N. Ry. Co. v. Harris, 65 S. W. Rep., 887; International & G. N. Ry. Co. v. Shuford, 81 S. W. Rep., 1194-1196; Wintz v. Morrison, 17 Texas, 383, 384; Johnson v. Gulf, C. & S. F. Ry. Co., 81 S. W. Rep., 1198.

RAINEY, Chief Justice.—This is a suit by appellee against appellant to recover damages for personal injuries claimed to have been received while a passenger on one of appellant's passenger trains, occasioned by the negligence of appellant's servants in allowing the train on which he was a passenger to collide with an engine in its yard at Denison.

Appellant answered by general denial, and specially pleaded a written release by appellee for a valuable consideration, discharging appellant from any liability therefor.

Appellee filed a supplemental petition, denying the settlement and release, and that if such was executed he was induced by the fraudulent

representations of appellant's agents, at a time when he was dazed and in a semi-conscious condition, and was suffering greatly in mind and body, was not mentally competent, and did not know the extent of his injuries; also that the release was without consideration, and tendered into court the check given in such settlement.

Appellant filed a supplemental answer, denying any fraud, misrepresentation and concealment, and pleaded acquiescence in, ratification of and failure to repudiate the settlement after full knowledge.

A trial resulted in a verdict and judgment for appellee and the railway company appeals.

On a trial it was admitted by appellant that if appellee received injuries in the collision, he would have a right of recovery, unless precluded by the settlement and release pleaded by appellant, and the case was submitted to the jury on this theory.

The third paragraph of the court's charge reads as follows: "Or, if you believe from the evidence that plaintiff signed the release, and you further believe from the evidence that the agent or agents of the defendant who procured from him the execution of said release and receipt, as an inducement to him to sign the same, fraudulently concealed from him the contents of said instrument or instruments which he was requested to sign and which he did sign, and if such person or persons then and there without disclosing to him what such papers were and that plaintiff was then and there ignorant of the contents of said papers at the time he signed them; or, if you find and believe from the evidence that at the time he did execute the same plaintiff was sick and suffering and was in a dazed or semi-conscious condition, and you further believe from the evidence that by reason of said condition, if you find same existed, plaintiff did not have sufficient mental capacity to know and understand the nature and consequence of the act which he was doing, then in either of the events above enumerated, you are instructed that said release, if you should find the same was signed by the plaintiff, would not be binding on him, and you will determine the issues between the plaintiff and defendant under the succeeding paragraphs of this charge." That part of the charge which instructs the jury that if the agents of defendant procured the execution of the release and receipt, as an inducement to him to sign the same, fraudulently concealed from him the contents of said instruments, without disclosing the contents of said instruments, and plaintiff was ignorant of the contents, etc., he could recover, is complained of by the appellant, the contention being that such was not warranted by the evidence.

We think this contention should be sustained. The mere concealment of the contents of the instrument could not have operated as an inducement for him to sign the release, and the evidence fails to show that said agents fraudulently concealed the contents or prevented plaintiff from reading the same by making any false statement or doing any act that induced plaintiff to sign said instrument without knowing the contents thereof. The testimony of plaintiff in reference to the signing of said release is in effect that he does not remember signing said release and that it was not read over to him, nor did he read it. He states that by reason of the injury he was shocked and dazed and not mentally in a condition to understand what he was doing. This mental condition,

if it existed, was sufficient for plaintiff to avoid the release. The evidence indicates that appellant's agents were anxious to secure a settlement and release from plaintiff, and while it is true fraud may be shown by circumstances, the circumstances, as shown by the evidence in this case, are not of such probative force as to have warranted the court in submitting the question of fraudulent concealment on the part of defendant's agents.

The cases cited by appellee to sustain this paragraph of the court's charge are based upon evidence of false representations and statements made which the court held were sufficient for the jury to determine whether or not such representations induced the signing of the release. The evidence being different here said cases do not govern.

In the sixth paragraph of its charge the court instructed the jury that the burden of proof was on plaintiff to show by a preponderance of the evidence, "if you find he executed the release in question, that at the time he did so, he was ignorant of the contents, or that he was in such a mental condition at the time that he did not know or understand what he was doing." It is complained that this charge is erroneous in that it tells the jury that the release could be avoided by showing that plaintiff "was ignorant of the contents of it" (release). This was calculated to impress the jury that ignorance alone of the contents of the instrument at the time of signing it was sufficient to avoid it. The mere ignorance of a party as to the contents of an instrument will not avoid it. There must be fraud, accident or mistake in its execution, and the one seeking to avoid it must appear to be free from negligence in the matter. (Williams v. Rand, 9 Texas Civ. App., 631.)

We are of the opinion that the court erred in admitting the testimony of Alonzo C. Craig as to the reasonable value of services rendered by physicians and surgeons to the plaintiff, as he was not shown to be qualified to speak on the subject. He was a plasterer by trade, had never practiced medicine or surgery. Had paid some doctor's bills and two surgical bills. The payment of these bills is what he based his opinion on. When asked, "You don't know whether the charges were reasonable or not?" he answered, "Oh, I don't know; it seems to be customary." This we think shows that the witness was not sufficiently informed on this matter as to make him an expert. We do not wish to be understood as holding that it was necessary for him to be a surgeon or physician to make him competent to testify, but he must be sufficiently informed as to the reasonable value of such services to be qualified to testify thereto. This is said in view of another trial, as the judgment would be reformed by eliminating the amount of physicians' fees, were the admission of this testimony the only error.

The court erred in refusing to give the following special charge, asked by appellant, to wit: "In this case you are instructed that as a defense defendant pleads a settlement and release made with the plaintiff and in avoidance of such settlement and release the plaintiff claims that when such settlement was made and such release executed he did not have the mental capacity to do such things, and you are instructed to return a verdict for the defendant unless you believe from the evidence that at the time plaintiff made such settlement and executed such release he was mentally incapable of understanding the nature and effect of such

settlement and release." This charge embraces the only issue raised by the evidence and it should have been given.

We have considered the other assignments presented, but do not think them well taken.

For the errors stated the judgment is reversed and cause remanded.

*Reversed and remanded.*