Argued December 3, affirmed December 14, 1926.

NORA MANN LANGE *v.* EDITH L. ALLEN ET AL.

(251 Pac. 715.)

**Appeal and Error—Refusal to Strike Complaint for Misjoinder of Causes for Recovery of Realty and Damages for Its Detention Held Harmless, Where No Damages were Awarded.**

1. In suit to establish lost power of attorney given authorizing deed, for recovery of real property, and for damages for unlawful detention thereof, failure to require plaintiff to state separately causes for recovery of real property and for damages, and to strike out complaint on ground of misjoinder of actions, *held* harmless error, in view of decision omitting any award of damages.

Evidence—In Suit to Recover Real Property, Answer, That, as Part Consideration for Deed to Plaintiff's Grantor, Life Estate was Reserved, Held Attempt to Vary Written Instrument (Or. L., § 713).

2. In suit to establish lost power of attorney to execute deed, and for recovery of real property thereunder by grantee, answer, setting up defense that part of consideration for deed to plaintiff's grantor was reservation of life estate, *held* attempt to vary the terms of writing embodied in such deed, evidence of which was inadmissible, under Section 713, Or. L.

Evidence—Evidence That Grantee Orally Gave Defendant Life Estate as Inducement for Deed Held Inadmissible to Contradict Deed (Or. L., § 798).

3. Evidence of verbal promise of grantee to give grantor life estate in land as part inducement for deed thereto *held* inadmissible to vary terms of deed, in suit by purchaser from grantee against grantor claiming life estate under previous oral agreement, in view of Section 798, Or. L., making truth of facts recited in written instrument conclusive.

Vendor and Purchaser—Oral Reservation of Life Estate from Deed Held Invalid, Under Statute of Frauds, as Against Subsequent Purchaser (Or. L., § 804).

4. That life estate was orally reserved by grantors on giving apparent absolute deed *held* no defense, in action by subsequent purchaser from grantee without knowledge of such reservation, under statute of frauds, Section 804, Or. L.

Estoppel—That Life Estate was Orally Reserved in Deed to Plaintiff's Grantor Did not Estop Plaintiff from Claiming Title Under Chain of Absolute Deeds.

5. Where plaintiff had no knowledge or notice of any claim to outstanding life estate by defendants, in suit for recovery of property, plaintiff *held* not estopped by oral reservation of life estate in deed to his grantor.

Estoppel—Grantor in Deed Held Bound by Covenants to Subsequent Purchaser from Grantee, so as to Prevent Setting Up Oral Reservation of Life Estate.

6. Grantors executing warranty deed, without reservation of any estate in property conveyed, *held* bound by covenants therein to grantee and to purchaser under warranty deed from grantee, so as to prevent setting up oral reservation of life estate, in purchaser's action to recover real property conveyed.

Reformation of Instruments—To Reform Written Instrument for Mistake, Complaint must Show That Mistake was Mutual and not Result of Gross Negligence.

7. In suit to reform written instrument on grounds of mistake, complaint must state alleged agreement of parties and point out

2.  See 10 R. C. L. 1023.
4.  See 25 R. C. L. 557.
7.  See 23 R. C. L. 361.

wherein misunderstanding existed, and that mistake was mutual and did not arise from plaintiff's gross negligence, or that it was induced by fraud of defendant.

**Reformation of Instruments—Omitting Reservation of Life Estate from Deed Held, Under Evidence, not Through Mutual Mistake.**

8.   Where defense to suit for recovery of real property was mistake in omitting reservation of life estate from prior deed, evidence *held* to negative mutual mistake, where plaintiff had no knowledge of claim to life estate and grantor again omitted reservation from his deed to plaintiff as attorney in fact.

**Equity—In Suit to Establish Lost Power of Attorney and Recover Land, Finding Power of Attorney Pendente Lite Did not Cut Off Jurisdiction of Equity to Give Complete Relief.**

9.   In suit to establish lost power of attorney and regain possession of real property for purpose of completing chain of title, finding and recording power of attorney *pendente lite* did not oust court of jurisdiction, as equity is entitled to retain jurisdiction until issues are finally adjudicated.

Appeal and Error, 4 C. J., p. 939, n. 21.
Equity, 21 C. J., p. 134, n. 5, p. 137, n. 23.
Estoppel, 21 C. J., p. 1089, n. 93, p. 1093, n. 36.
Evidence, 22 C. J., p. 1098, n. 96, p. 1102, n. 97, p. 1121, n. 98, p. 1122, n. 1, p. 1172, n. 36.
Lost Instruments, 38 C. J., p. 251, n. 53.
Reformation of Instruments, 34 Cyc., p. 972, n. 35, p. 974, n. 48, 49, p. 975, n. 53, p. 976, n. 64, p. 988, n. 37.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Kerr Beadle* and *Mr. Henry Hartje,* with an oral argument by *Mr. John H. Hall.*

For respondent there was a brief over the name of *Messrs. McNary, McNary & Keyes,* with an oral argument by *Mr. Walter E. Keyes.*

BURNETT, J.—In her complaint, the plaintiff claims to own a certain tract therein described containing ten acres of land, her title being derived from the defendants, Edith L. Allen and Hugh P. Allen, her husband, through a deed executed by their attorney in fact.   She says, in substance, that the power

of attorney under which the deed was made contained certain provisions which would authorize the execution of such a conveyance as that under which she claims; that this evidence of agency was not recorded but was lost; that now the defendants, including the attorney in fact, claim that the fee-simple title to the ten-acre tract is in the defendants Allen, and that the defendant Lange wrongfully and fraudulently retains possession of the property, claiming to hold the same on behalf of the defendants Allen. The prayer of the complaint is for a decree establishing the lost instrument, adjudging the plaintiff to be the owner of said premises in fee simple, ordering the defendants to restore to the plaintiff possession of the property and thereafter enjoining and restraining them from interfering or molesting the plaintiff in the enjoyment or possession thereof; also, for $200 damages on account of the unlawful detention of the estate.

After denying certain allegations of the complaint respecting the terms of the power of attorney, the defendants admit that the document has not been found. They admit that the plaintiff is the owner of the ten-acre tract but with the qualification that it is subject to a life estate of the defendant Lange and his wife. The answer then affirmatively sets up the following matter:

"I.   That defendant, A. F. Lange, and Emma O. Lange, his wife, are the parents of Edith L. Allen, and Hugh P. Allen is the husband of said Edith L. Allen, and that M. S. Lange is the son of A. F. Lange and Emma O. Lange, and that plaintiff, Nora Mann Lange, is the wife of M. S. Lange.

"II.   That on or about the 3rd day of June, 1918, said Emma O. Lange, and defendant, A. F. Lange, conveyed to said Edith L. Allen a tract of land in Marion County consisting of about one hundred acres, of which the ten-acre tract described in plaintiff's

complaint is a part, and which tract was then encumbered by a certain mortgage indebtedness, which said mortgage indebtedness the said Edith L. Allen assumed, and as a further consideration for said conveyance, said Edith L. Allen agreed with the said Emma O. Lange and defendant, A. F. Lange, her said parents, that they should be entitled to occupy the home dwelling place and a sufficient amount of land surrounding it for garden purposes, free of rent so long as they lived, which said dwelling house had been the home of Emma O. Lange and A. F. Lange for many years.

"III. That some time after receiving conveyance of said one hundred acres, the said Edith L. Allen paid off the mortgage encumbrance upon said property and placed one mortgage thereon to the State Land Board of the State of Oregon in the sum of Five Thousand Dollars ($5,000.00), and placed a second mortgage thereon to one L. B. Kloepping in the sum of Thirty-five Hundred Dollars ($3,500.00).

"IV. That said ten acres and dwelling house was then and now is of the reasonable value of Three Thousand Dollars ($3,000.00); that plaintiff paid therefor the sum of One Thousand Dollars ($1,000.00), which included the sum of Five Hundred Dollars ($500.00) paid by her upon the mortgage to the State Land Board to obtain a release of the said ten-acre tract from said mortgage; that the said Nora Mann. Lange took said deed of conveyance of said ten acres subject to the life estate of the said defendant, A. F. Lange, and Emma O. Lange, but through inadvertence and mistake said reservation was omitted from said deed of Edith L. Allen and Hugh P. Allen to said Nora Mann Lange."

The consanguinity and affinity of the parties detailed in the answer are admitted by the reply. It is admitted that Emma O. Lange and A. F. Lange conveyed to their daughter, Edith L. Allen, a tract of land of which the ten-acre tract claimed by plaintiff is a part, but all other matter that relates to the de-

fendant Lange and his wife occupying the ten acres is denied. Paragraph IV of the new matter in the answer is traversed *in toto*.

In brief, the plaintiff, finding that her paper title to the ten acres depended upon the existence and recording of the lost power of attorney and that the defendant Lange was claiming that the property belonged to his daughter and her husband and was retaining the possession thereof, brought this suit in equity to restore and establish the power of attorney so that the record of her title might be complete, and claiming the further relief of being restored to the possession thereof and enjoining the defendants from disturbing her therein. On the other hand, the defendants are claiming that when the defendant Lange conveyed the property to his daughter, Edith L. Allen, it was on the condition that he and his wife be entitled to live on the ten-acre tract during their lives, and the defendants say that:

"through inadvertence and mistake said reservation was omitted from said deed of Edith L. Allen and Hugh P. Allen to said Nora Mann Lange."

The Circuit Court heard the testimony and rendered a decree against the defendants according to the prayer of the complaint except that no damages were awarded for the detention of the property. The defendants have appealed.

1. There are errors assigned respecting the court's ruling adverse to the defendants on their motion to require the plaintiff to state separately in her complaint her cause of suit for the recovery of the real property and her claim for damages, and to strike out the complaint on the ground that there are several causes of action therein improperly united and not separately stated. In view of the decision of the Cir-

cuit Court omitting any award of damages to the plaintiff for the withholding of the possession of the tract, these questions have become academic. The defendants have not been harmed by the ruling and hence those assignments deserve no consideration.

2. It is apropos to consider the averments of the new matter in the answer in connection with the written evidence on file. There were two deeds from A. F. Lange and Emma O. Lange, his wife, to their daughter, Edith. The first, containing an erroneous description, is not relied upon, but the one of date April 11, 1922, upon which the defendants depend for title, recites a monetary consideration of ten dollars and covenants that the grantors are the owners in fee simple of the premises; that they are free from all encumbrances except two mortgages mentioned and the taxes for the year 1921, and that they will warrant and defend the same from all lawful claims whatsoever except the mortgages and taxes. No mention whatever is made of the reservation of a life estate or any other consideration moving the grantors to execute the deed. The answer of the defendants does not pretend that a life estate in the parents of the grantee was to be reserved in said deed. It is only alleged that, as a part of the consideration, the daughter made an agreement as therein stated. The answer is an attempt to vary the terms of the writing embodied in the deed. It is not said anywhere that there was a mistake in that deed from Lange and wife to Edith L. Allen.

The oft-quoted Section 713, Or. L., reads thus:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or

successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases:—

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

"2. Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in Section 717, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

Under the heading "conclusive presumptions," it is laid down in Section 798, Or. L., as follows:

"The following presumptions, and no others, are deemed conclusive: * *

"3. The truth of the facts recited from the recital in a written instrument, between the parties thereto, their representatives or successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration; * * . "

3. This last clause of the excerpt from Section 798 will not let in evidence of any verbal promise of the grantee in that deed to do or permit anything as a part of the inducement moving the grantors to execute the deed. That portion of the statute refers only to monetary and not to any contractual consideration.

In *Sutherlin* v. *Bloomer,* 50 Or. 398, 407 (93 Pac. 135), the rule is thus laid down:

" * * But, in the case before us, the consideration specified in the written contract consists of certain acts to be performed, and the authorities are practically unanimous in holding that, where the statement in the written instrument as to the consideration is of a contractual nature, as where the consideration

consists of a specific and direct promise by one of the parties to perform certain acts, it cannot be changed or modified by parol or extrinsic evidence.''

This precept has been consistently followed from the rendition of judgment in that case until the present.

4. There is nothing in the allegations of the answer about the deed from Lange and wife to their daughter, Edith L. Allen, predicating any mistake in that document. The effort to prove an additional contractual consideration for that deed must come to naught under the doctrine of *Sutherlin* v. *Bloomer, supra,* and subsequent precedents teaching the same rule. Moreover, in that very deed the grantors covenant and recite that they are the owners in fee simple of said premises and that they will warrant and defend the same from all lawful claims whatsoever except those mortgages and taxes. The truth of that recital is conclusively presumed between the parties thereto, their representatives or successors in interest by subsequent title, says the Code. In face of those recitals the parties to the deed and their successors cannot be heard to contradict it. Still further in Section 804, Or. L., it is laid down:

"No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, transferring, or declaring the same, or by his lawful agent, under written authority, and executed with such formalities as are required by law.''

It is quite apparent then from the pleadings and the evidence embodied in the deeds themselves that

no mistake can be maintained either by the evidence or by the pleadings concerning the deed from Lange and wife to their daughter. So far as the evidence is concerned then, as it affects the case prior to the deed from the defendants Allen to the plaintiff, there was no life estate in existence for the defendant Lange or his wife, because there is no competent evidence of the same as contemplated by the sections of the statute to which allusion has been made. Neither is there any pretense of any mistake in the deed from the defendant Lange and his wife to their daughter. In fact, in testifying on the subject, the defendant Lange said substantially that the matter of the life estate for himself and his wife was purposely left out of the deed to the daughter.

5. We turn then to the fourth allegation of the answer. It is not averred anywhere in that pleading that the plaintiff had any knowledge or notice of any life estate or of anything that would put her upon inquiry so as to estop her in claiming in hostility to such an estate. Indeed, there is no attempt to plead an estoppel as against the plaintiff. It is said, true enough, that:

"The said Nora Mann Lange took said deed of conveyance of said ten acres subject to the life estate of the said defendant, A. F. Lange, and Emma O. Lange."

This, however, is but a conclusion of law. No facts are stated from which the court, in construing the pleading, could draw that conclusion and, as already shown, there was no such life estate in existence so far as the allegations and indispensable proof disclose. The deed from the Allens conveying to the plaintiff the ten acres, executed by their attorney in

fact, A. F. Lange, contains the same recitals as the deed to Edith L. Allen, to wit:

" * * And the said grantors (Allens) do hereby covenant to and with the said grantee, her heirs and assigns that they are the owners in fee simple of said premises; that they are free from all incumbrances and that they will warrant and defend the same from all lawful claims whatsoever.''

6. This declaration of fee-simple title in the grantors could not be true if there was an outstanding life estate in the same realty. Lange and wife had already, by their deed to their daughter, divested themselves of all estate whatever in the land. If they claimed an estate to be created by a provision in the deed to the plaintiff they would be claiming by title subsequent to their former estate. They are bound by the covenant in their own deed and they are likewise precluded by the same recital in the deed to plaintiff because they come within the classification of successors in interest by a subsequent title.

7. It is said, however, in the answer:

"but through inadvertence and mistake said reservation was omitted from said deed of Edith L. Allen and Hugh P. Allen to said Nora Mann Lange.''

It is well established by the precedents in this state that in suits to reform a written instrument on the ground of mistake, the complaint must clearly state what the original agreement of the parties was, and point out with precision wherein there was a misunderstanding, that the mistake was mutual and did not arise from the gross negligence of the plaintiff, or that the misconception originated in the fraud of the defendant: *Coates* v. *Smith*, 81 Or. 556 (160 Pac. 517); *Rosenberg Suit & Coat Co.* v. *General Acc. Fire Assur. Corp.*, 98 Or. 118 (193 Pac. 441); *Board-*

*man* v. *Insurance Co. of Pa.,* 84 Or. 60 (164 Pac. 558);
*Peninsula Lum. Co.* v. *Royal Indemnity Co.,* 93 Or.
684 (184 Pac. 562). No circumstances are stated in
the pleading upon which to base any mistake. It is
not said that it was mutual, nor whose mistake it was,
nor how it was made. It is not averred what was the
real contract attempted to be made. There is, there-
fore, no pleading on the part of the defendants upon
which to base any relief respecting mistake.

8. On the merits also the testimony is clearly
against any mutuality of mistake. The history of the
transaction concerning this land is substantially as
follows: A. F. Lange was the owner of a tract con-
taining one hundred acres, of which the ten-acre tract
was a part. As already stated, he and his wife con-
veyed the whole one hundred acres absolutely and
without reservation to his daughter with covenants
mentioned above. The daughter and her husband
went to live in Alaska and executed and delivered to
the defendant, A. F. Lange, a general power of at-
torney, covering almost every conceivable transaction,
among others, the authority to convey realty. They
left Lange and his wife living on the premises and
he managed the same and afterward sold the tract of
ten acres to the plaintiff, executing the deed as at-
torney in fact for the Allens without mentioning any
reservation whatever. He was asked on the witness-
stand why he did not place the reservation of the life
estate in that deed to the plaintiff and he answered:

"Well, in the first place, I didn't think it was neces-
sary, the boy and his wife were living peacefully we
thought, and we thought they would continue to live
peacefully."

This clearly shows that there was no mutuality of
mistake and, taking the testimony altogether, consid-

ering that the plaintiff herself denies there was any intention to reserve a life estate in her deed, that the defendant Lange on various occasions when duty would compel him to speak of the life estate, if there were any, was silent on that subject, we are impelled on the merits, independently of the pleadings, to approve the finding of the learned Circuit Court judge who heard and saw the witnesses.

9. It appears that during the progress of the litigation, the power of attorney was found and placed on record and an exemplification of it is in the testimony reported. It is sufficient in point of law to authorize the execution of the deed to the plaintiff. Under the doctrine of *Howe* v. *Taylor,* 6 Or. 284, and kindred cases, the plaintiff had a right to sue in equity to establish that power of attorney so as to complete her chain of title and in the same suit to have relief against the defendants who were withholding possession of her property. Equity, having assumed jurisdiction rightfully, is entitled to retain the same until the issues are finally adjudicated, so that the finding and recording of the power of attorney *pendente lite* does not oust the equity court of power to determine the case conclusively.

As stated, there was no allowance of damages and hence, even if it were error to include in this suit a claim for them or to state them in conjunction with the allegations designed to secure a recovery of possession of the land, yet all those questions have become academic and the defendants are not harmed by the ruling of the court in that respect.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.